IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**CHAD EUGENE CALDWELL,**<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER ON MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>**Case No. 2:03-CR-325-DAK**<br>**Case No. 2:03-CR-696-DAK**<br><br>**Judge Dale A. Kimball** |

　　　　This matter is before the court on Defendant's Motion for Early Termination of Supervised Release. On February 2, 2024, this court transferred jurisdiction of Defendant's supervised release to the United States District Court for the Eastern District of California. The court transferred jurisdiction over Defendant's supervised release pursuant to 18 U.S.C. § 3605. That statute provides that "[a] court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227."

　　　　Motions for early termination of supervised release are analyzed pursuant to 18 U.S.C. § 3583(e)(1), which is in chapter 227, subchapter D. All the Circuit Courts of Appeal that have addressed the issue have found that once the transfer is effected, the transferor court no longer has jurisdiction to exercise powers that may be exercised by the transferee court. *United States v. Sastrom*, 96 F.4th 33, 39 (1st Cir. 2024); *United States v. D'Amario*, 178 Fed. Appx. 151, 152 (3d Cir. 2006) (unpublished per curium); *United States v. Fernandez*, 379 F.3d 270, 275 (5th Cir. 2004); *United States v. El Herman*, 971 F.3d 784, 786 (8th Cir. 2020); *United States v. King*, 608

F.3d 1122, 1126-27 (9th Cir. 2010). The court has no reason to conclude that the Tenth Circuit would rule differently than these other circuits.

Because supervision was transferred, the Eastern District of California is the only court authorized to consider Defendant's Motion for Early Termination of Supervised Release. Accordingly, this court dismisses the motion for lack of jurisdiction and dismisses it without prejudice to Defendant's refiling of the motion in the Eastern District of California.

Dated this 9th day of June 2025.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge